IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CASA DE ALABANZA and JONESBORO COMMERCIAL CENTER, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 1:20-cv-04997-LMM |
| CITY OF JONESBORO, GEORGIA, HON. JOY B. DAY, Mayor, and TRACEY MESSICK, BOBBY LESTER, BILLY POWELL, DR. DONYA L. SARTOR, PH.D., PAT SEBO, and ED WISE, individually and in their Official Capacities as Mayor and Councilmembers of the City of Jonesboro, Georgia | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER OF DEFENDANT CITY OF JONESBORO, GEORGIA

Comes now the City of Jonesboro, Georgia ("Jonesboro"), defendant herein, by and through its undersigned counsel and answers the complaint of plaintiffs Casa de Alabanza and Jonesboro Commercial Center, LLC as follows:

## FIRST DEFENSE

For a first defense, this defendant shows that the complaint fails to state a claim against it upon which relief can be granted.

## SECOND DEFENSE

For a second defense, this defendant shows that the claims asserted against defendants Day, Messick, Lester, Powell, Sartor, Sebo, and Wise in their respective official capacities are redundant because Jonesboro is named as a defendant herein and, therefore, said claims should be dismissed, as articulated further in said defendants' motion to dismiss being filed contemporaneously herewith.

## THIRD DEFENSE

For a third defense, this defendant responds to the numbered paragraphs of plaintiffs' complaint as follows:

## NATURE OF ACTION

1.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to identify the claims they are asserting in this case. To the extent that a further response is required, this defendant expressly denies that plaintiff is entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

## THE PARTIES

2.

This defendant denies that Jonesboro Commercial Center is a religious institution.   In further response, this defendant is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, therefore, this defendant can neither admit nor deny the same.

3.

On information and belief, this defendant admits only that plaintiff Jonesboro Commercial Center is a Georgia Domestic Limited Liability Company whose principal office address is located at 410 East Taylor Street, Suite O, in Griffin, Georgia 30223.  In further response, this defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, therefore, this defendant can neither admit nor deny the same.

4.

This defendant admits only that Jonesboro is a municipal corporation organized and existing under the laws of the State of Georgia, with all duties and powers inherent in its capacity as such.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

5.

This defendant admits only that Day is the Mayor of Jonesboro.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

6.

This defendant admits only that defendants Messick, Lester, Powell, Sartor, Sebo, and Wise are elected members of the City Council for the City of Jonesboro, Georgia.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

7.

The allegations of this paragraph are denied as stated.

## JURISDICTION

8.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to provide their interpretation of federal law or allegations in which plaintiffs merely seek to identify the claims they are asserting in this case.  To the extent that a response is required, this defendant expressly denies that plaintiff is entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

9.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to provide their interpretation of federal law.  To the extent that a response is required, this defendant expressly denies that plaintiff is

entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

10.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to provide their interpretation of federal law, which speaks for itself, or to identify the claims they are asserting in this case.  To the extent that a response is required, this defendant expressly denies that plaintiff is entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

11.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to identify the claims they are asserting in this case. To the extent that a response is required, this defendant expressly denies that plaintiff is entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

12.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to provide their interpretation of federal law or allegations which seek to identify the relief they are seeking herein.  To the extent

that a response is required, this defendant expressly denies that plaintiff is entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

13.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to provide their interpretation of federal law.  To the extent that a response is required, this defendant expressly denies that plaintiff is entitled to any of the relief prayed for in the complaint, as articulated in this paragraph or otherwise.

**FACTS**

14.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 and, therefore, this defendant can neither admit nor deny the same.

15.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 and, therefore, this defendant can neither admit nor deny the same.

16.

On information and belief, this defendant admits only that the property located at 7827 Old Morrow Road in Jonesboro, Georgia is owned by Jonesboro Community Center.  In further response, this defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, therefore, this defendant can neither admit nor deny the same.

17.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and, therefore, this defendant can neither admit nor deny the same.

18.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 and, therefore, this defendant can neither admit nor deny the same.

19.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 and, therefore, this defendant can neither admit nor deny the same.

20.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 and, therefore, this defendant can neither admit nor deny the same.

21.

This defendant admits only that Jonesboro Community Center filed a Conditional Use Permit Application for the property located at 7827 Old Morrow Road. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

22.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 and, therefore, this defendant can neither admit nor deny the same.

23.

This defendant admits only that Exhibits "A" and "B" attached to Plaintiffs' Complaint consist of a photograph depicting a commercial shopping center and an aerial Google Map bearing the address "7857 Old Morrow Road." Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

24.

This defendant admits only that the Subject Property located at 7815-7857 Old Morrow Road is comprised of a commercial center, the uses of which are subject to the City of Jonesboro, Georgia's Code of Ordinances. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

25.

This defendant admits only that the Subject Property is located within the City of Jonesboro's C-2, highway Commercial, Zoning District. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

26.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 and, therefore, this defendant can neither admit nor deny the same.

27.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 and, therefore, this defendant can neither admit nor deny the same.

28.

This defendant admits only that the Subject Property is fronted by Old

Morrow Road, which runs parallel to the railroad, between Georgia Highway 138 and Raymond Street, and that it is located within the City of Jonesboro's C-2, highway Commercial, Zoning District adjacent to residential and commercial properties. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

29.

This defendant admits only that the Subject Property is fronted by Old Morrow Road, which runs parallel to the railroad, between Georgia Highway 138 and Raymond Street. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 and, therefore, this defendant can neither admit nor deny the same.

31.

This defendant admits that routine maintenance and improvements are regularly made to SR 138, which connects to Old Morrow Road. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

32.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 and, therefore, this defendant can neither admit nor deny the same.

33.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 and, therefore, this defendant can neither admit nor deny the same.

34.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 and, therefore, this defendant can neither admit nor deny the same.

35.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 and, therefore, this defendant can neither admit nor deny the same.

36.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 and, therefore, this

defendant can neither admit nor deny the same.

37.

On information and belief, the allegations in paragraph 37 are admitted.

38.

This defendant admits only that the Subject Property is located in the C-2 Zoning District. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

39.

The allegations of this paragraph are admitted.

40.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 and, therefore, this defendant can neither admit nor deny the same.

41.

This defendant admits only that conditional use permits have been issued to churches located in the commercial center. Except as expressly admitted, the allegations of this paragraph are denied as stated.

42.

This defendant admits only that conditional use permits have been issued

to churches located in the commercial center. Except as expressly admitted, the allegations of this paragraph are denied as stated.

43.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 and, therefore, this defendant can neither admit nor deny the same.

44.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 and, therefore, this defendant can neither admit nor deny the same.

45.

The allegations of this paragraph are denied as stated.

46.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 and, therefore, this defendant can neither admit nor deny the same.

47.

The allegations of this paragraph are denied as stated.

48.

The allegations of this paragraph are denied as stated.

49.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 and, therefore, this defendant can neither admit nor deny the same.

50.

The allegations of this paragraph are denied as stated.

51.

In response to the allegations of this paragraph, this defendant shows that Georgia Constitution speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

52.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

53.

This defendant shows that it is not required to respond to allegations in which plaintiffs merely seek to provide their interpretation of federal law or, in

particular any of the provisions and definitions contained in the Religious Land and Institutionalized Persons Act, 42 U.S.C. § 2000cc or in Jonesboro's Zoning Ordinance, which speak for themselves. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

54.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

55.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

56.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

57.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as

expressly admitted herein, the allegations of this paragraph are denied as stated.

58.

The allegations of this paragraph are denied as stated.

59.

This defendant admits only that the August 15, 2005 Thoroughfare Plan was adopted in the City of Jonesboro, Georgia's Code of Ordinances, which speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

60.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

61.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

62.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as

expressly admitted herein, the allegations of this paragraph are denied as stated.

63.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

64.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

65.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

66.

The allegations of this paragraph are denied as stated.

67.

In response to the allegations of this paragraph, this defendant admits only that the C-2 Zoning District authorizes Conditional Use Permits for churches, religious organizations, and a large number of other entities.  In further response,

this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

68.

This defendant admits only that, on February 7, 2020, Jonesboro Community Center filed a Conditional Use Permit Application for the property located at 7827 Old Morrow Road, which speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

69.

In response to the allegations of this paragraph, this defendant admits only that Attachment II to the subject Conditional Use Permit Application bears the title, "Constitutional Objection to Restriction in Zoning Ordinance for a Church, Religious Assembly Use in the C-2 Zoning District."  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

70.

In response to the allegations of this paragraph, this defendant admits only that Attachment III to Plaintiffs' Conditional Use Permit Application consists of "Objection to Restrictions in Zoning Ordinance for a Church, Religious Assembly Use Pursuant to the Religious Land Use and Institutionalized Persons Act, 42

U.S.C. § 2000cc."   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

71.

In response to the allegations of this paragraph, this defendant admits only that Attachment V to Plaintiffs' Conditional Use Permit Application consists of "Objection to Zoning Hearing on Conditional Use Permit Application Based on York v. Athens College of Ministry, Inc.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

72.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

73.

The allegations of this paragraph are denied as stated.

74.

In response to the allegations of this paragraph, this defendant admits only that a public hearing concerning the subject Conditional Use Permit Application was held November 9, 2020.  Responding further, this defendant shows that the

Georgia Zoning Procedures Law speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

75.

In response to the allegations of this paragraph, this defendant admits only that the Conditional Use Permit Application was recommended for denial.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

76.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

77.

The allegations of this paragraph are admitted.

78.

The allegations of this paragraph are admitted.

## CLAIMS FOR RELIEF

### COUNT ONE

### RLUIPA – EQUAL TERMS

79.

In response to the allegations of paragraph 79, this defendant re-alleges and

incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 78. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

80.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

81.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

82.

This defendant admits only that the August 15, 2005 Thoroughfare Plan was adopted in the City of Jonesboro, Georgia's Code of Ordinances, which speaks for itself.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

83.

In response to the allegations of this paragraph, this defendant admits only that Ordinance Sec. 86-183 was amended February 11, 2019 and June 3, 2019.

Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

84.

The allegations of paragraph 84 are denied as stated.

85.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

86.

In response to the allegations of this paragraph, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

87.

The allegations of paragraph 87 are denied as stated.

88.

The allegations of paragraph 88 are denied as stated.

89.

The allegations of paragraph 89 are denied as stated.

90.

The allegations of paragraph 90 are denied as stated.

91.

In response to the allegations of paragraph 91, this defendant expressly denies that it violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., or that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

92.

The allegations of this paragraph are denied.

**COUNT TWO**

**RLUIPA – SUBSTANTIAL BURDEN**

93.

In response to the allegations of paragraph 93, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 92. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

94.

The allegations of this paragraph are denied as stated.

95.

In response to the allegations of this paragraph, this defendant admits only that that the C-2 Zoning District in which the Subject Property is located is subject to Conditional Use Permitting. Responding further, this defendant shows that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

96.

The allegations in this paragraph are admitted.

97.

This defendant admits only that Tara Boulevard (U.S. Highway 19/41) is the City of Jonesboro, Georgia's only Primary Arterial and that the following are the City of Jonesboro's Major Collector Streets: Fayetteville Road, North Avenue, North Main Street, South Main Street, McDonough Street, Smith Street, Stockbridge Road/Highway 138, and Jodeco Road. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

98.

The allegations of this paragraph are denied as stated.

99.

The allegations of this paragraph are denied as stated.

100.

In response to the allegations of this paragraph, this defendant admits only that arterial and collector streets are organized and categorized under the City of Jonesboro's Thoroughfare Plan set forth in the Appendix to Ordinance Sec. 86, which speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

101.

In response to the allegations of this paragraph, this defendant admits only that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

102.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, therefore, this defendant can neither admit nor deny the same.

103.

In response to the allegations of this paragraph, this defendant admits only that the City of Jonesboro, Georgia's Code of Ordinances speaks for itself. Except

as expressly admitted herein, the allegations of this paragraph are denied as stated.

104.

The allegations of this paragraph are denied as stated.

105.

The allegations of this paragraph are denied.

106.

In response to the allegations of this paragraph, this defendant expressly denies that it violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., or that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

107.

In response to the allegations of this paragraph, this defendant expressly denies that it violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., or that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

108.

In response to the allegations of this paragraph, this defendant expressly denies that it violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., or that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

109.

In response to the allegations of this paragraph, this defendant expressly denies that it violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., or that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

110.

In response to the allegations of this paragraph, this defendant expressly denies that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State

of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

## COUNT THREE

## TAKING CLAIM PURSUANT TO *KNICK V. TOWNSHIP OF SCOTT*

### 111.

In response to the allegations of paragraph 111, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 110. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 112.

The allegations of this paragraph are denied.

### 113.

The allegations of this paragraph are denied as stated.

### 114.

The allegations of this paragraph are denied as stated.

### 115.

The allegations of this paragraph are denied as stated.

### 116.

The allegations of this paragraph are denied as stated.

117.

This defendant shows that it is not required to respond to allegations which plaintiffs merely seek to provide their interpretation of federal law or identify the claims they are asserting in this case.  To the extent that a response is required, this defendant expressly denies that it violated any of plaintiffs' rights, or the rights of others, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

118.

The allegations of this paragraph are denied.

## COUNT FOUR

## ARBITRARY AND CAPRICIOUS

119.

In response to the allegations of paragraph 119, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 118. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

120.

The allegations of this paragraph are denied as stated.

121.

The allegations of this paragraph are denied as stated.

122.

The allegations of this paragraph are denied as stated.

123.

The allegations of this paragraph are denied as stated.

## COUNT FIVE

## WRONGFUL DENIAL OF THE CUP APPLICATION

124.

In response to the allegations of paragraph 124, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 123. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

125.

The allegations of this paragraph are denied.

126.

The allegations of this paragraph are denied.

127.

The allegations of this paragraph are denied as stated.

## COUNT SIX

## DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

### 128.

In response to the allegations of paragraph 128, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 127. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 129.

The allegations of this paragraph are denied.

### 130.

The allegations of this paragraph are denied.

### 131.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## **FOURTH DEFENSE**

For a fifth defense, this defendant shows that plaintiffs failed to provide timely and proper ante litem notice of their purported tort claims against Jonesboro or any of the individual defendants sued in the respective official capacities.

## FIFTH DEFENSE

For a sixth defense, this defendant raises the affirmative defenses of estoppel, laches, res judicata, statute of limitations and waiver.

## SIXTH DEFENSE

For a seventh defense, this defendant shows that plaintiffs have not and cannot establish the elements necessary to support their claims for declaratory or injunctive relief.

## SEVENTH DEFENSE

For a seventh defense, this defendant shows that plaintiffs failed to timely or otherwise pursue legal remedies available to them under state law seeking review of the denial of the application for a Conditional Use Permit.

## EIGHTH DEFENSE

For an eighth defense, this defendant shows that plaintiffs lack standing.

## NINTH DEFENSE

For a ninth defense, this defendant shows that its legislative decision to deny plaintiffs' conditional use permit was neither arbitrary nor capricious.

Wherefore, having fully answered, this defendant prays that verdict and judgment be entered in their favor, with all costs against plaintiffs; that this defendant have a trial by a jury with regard to all triable issues; and that it have

such other and further relief as the Court deems just and proper in the circumstances.

This 15th day of February, 2021.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Alex Joseph
Georgia Bar No. 590921
*Attorneys for Defendants City of Jonesboro, Georgia, Hon. Joy B. Day (In her official capacity), Tracey Messick (In her official capacity), Bobby Lester (In his official capacity), Billy Powell (In his official capacity), Dr. Donya L. Sartor, Ph.D. (In her official capacity), Pat Sebo (In her official capacity), and Ed Wise (In his official capacity)*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower
Atlanta, GA 30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed a copy of the foregoing **Answer of Defendant City of Jonesboro, Georgia's** filing the same with the Odyssey eFileGA filing system which will automatically electronically serve all counsel of record.

This 15th day of February, 2021.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Alex Joseph
Georgia Bar No. 590921
*Attorneys for Defendants City of Jonesboro, Georgia, Hon. Joy B. Day (In her official capacity), Tracey Messick (In her official capacity), Bobby Lester (In his official capacity), Billy Powell (In his official capacity), Dr. Donya L. Sartor, Ph.D. (In her official capacity), Pat Sebo (In her official capacity), and Ed Wise (In his official capacity))*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower
Atlanta, GA 30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com